UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHESTER V. JONES,　　　　　　　　　　　　Case No. 22-CV-2144 (WMW/JFD)

　　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　ORDER AND
　　　　　　　　　　　　　　　　　　　　　　　REPORT AND RECOMMENDATION
KEITH ELLISON,

　　　　　　　Respondent.

　　　　This matter is before the Court on Petitioner Chester V. Jones's filing titled "[A]mended Petition" (Am Pet., Dkt. No. 18). For the following reasons, the Court recommends denying the Amended Petition in part, and orders Mr. Jones to submit a new petition (as discussed below) if he seeks to challenge a particular earlier state-court judgment.

I.　　BACKGROUND

　　　　In September 2005, Mr. Jones—then a juvenile—entered into a plea agreement and was "adjudicated delinquent" of fifth-degree criminal sexual conduct in a Minnesota state court. *See Jones v. Evans*, No. A18-0139, 2018 WL 3716094, at *1 (Minn. Ct. App. Aug. 6, 2018). The Court does not have access to the state-court juvenile records, but Mr. Jones suggests that the case number is No. 62-J5-05-554217. (*See, e.g.*, Dkt. No. 1-1 at 2; Dkt. No. 9 at 1.[1]) Mr. Jones disputes what consequences were supposed to follow from his

---

[1] Citations in this Order and Report and Recommendation to docketed materials use the pagination provided by the Court's CM/ECF filing system.

delinquency adjudication, but Minnesota authorities have repeatedly concluded that it required Mr. Jones, going forward, to register as a "predatory offender." *See, e.g.*, *Jones*, 2018 WL 3716094, at *1; *cf.* Minn. Stat. § 243.166 (2005) (providing then-current registration requirement).

Then, as now, Minnesota law required that those who had to register as predatory offenders needed to "continue to register" for ten years after their initial registration. *See* Minn. Stat. § 243.166, subd. 6(a) (2005); *id.* § 243.166, subd. 6(a) (2022) (establishing similar obligation with different language). Furthermore, Minnesota law in 2005 stated (and at present still states) that if one who is required to register fails to comply, or commits new offenses, his or her registration period can be extended. *See* Minn. Stat. § 243.166, subd. 6(b)–(c) (2005); *id.* § 243.166, subd. 6(b)–(c) (2022). As relevant here, as of 2016, Minnesota authorities had concluded that Mr. Jones had twice failed—first in 2007, then again in 2016—to comply with his registration requirement. *See Jones*, 2018 WL 3716094, at *1. As a result, in 2016 Mr. Jones's registration requirement was extended until 2032. *See id.* at *2.

In November 2016, Mr. Jones sued Drew Evans, the superintendent of the Minnesota Bureau of Criminal Apprehension, claiming that the registration requirement violated his due-process rights and was inconsistent with the terms of his 2005 plea agreement. *Jones v. Evans*, No. 62-CV-16-6425 (Minn. Dist. Ct.); *Jones*, 2018 WL 3716094, at *1. A state trial court dismissed this suit—as time-barred, and the Minnesota Court of Appeals affirmed. *See id.* at *3–7.

In September 2021, authorities charged Mr. Jones with yet again failing to register as a predatory offender. (*See* Compl. 2, *State v. Jones*, Case No. 19HA-CR-21-2247 (Minn. Dist. Ct. Oct. 12, 2021) ("*Jones* Complaint"); Register of Actions, *State v. Jones*, Case No. 19HA-CR-21-2247 (Minn. Dist. Ct.) ("State-Court Docket").[2]) Specifically, authorities alleged that Mr. Jones failed to update his registration after moving to a new residence in September 2021. (*See id.*) At this point, authorities suggested, Mr. Jones's registration requirement purportedly extended through 2042.[3] (*See id.*) Mr. Jones then brought the current lawsuit.

This Court received Mr. Jones's initial petition in this action on August 31, 2022. (Pet. at 1, Dkt. No. 1.) At this point, Mr. Jones was a pretrial detainee—awaiting trial on the 2021 failure-to-register charge—at the Dakota County Jail ("DCJ") in Hastings, Minnesota. (*See, e.g.*, *id.*) Mr. Jones prepared the Petition on a template for petitions subject to 28 U.S.C. § 2241; it named Keith Ellison (Minnesota's attorney general) as the sole respondent. (*See id.*) As relevant here, the Petition sought to challenge Mr. Jones's ongoing registration requirement and requested "[i]mmediate relief from incarceration and

---

[2] Materials from Mr. Jones's state-court case do not appear within this action's docket. These are public state-court records, however, so the Court may take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Ward v. Beltz*, No. 21-CV-0930 (WMW/DTS), 2022 WL 3909345, at *1 (D. Minn. Aug. 31, 2022) (citing *Stutzka*).

[3] It is not clear exactly what happened between 2016 and 2021 to lengthen Mr. Jones's registration period another ten years. The state-court criminal complaint in *Jones* does state, however, that Mr. Jones (1) was convicted of a "Predatory Offender Violation" in 2018, and (2) had in 2021 a "pending warrant out of Colorado for failing to register as a predatory offender." (*Jones* Compl. 2.)

[c]riminal [c]harges." (*Id.* at 7.) The Petition also asked the Court to "[r]e-open" No. 62-CV-16-6425—i.e., Mr. Jones's long-since-dismissed civil suit against Drew Evans—and "[r]eview" Minnesota's criminal statute for fifth-degree criminal sexual conduct. (*Id.*)

On September 12, 2022, Ellison filed a motion to dismiss asserting that he is an improper respondent here. (Dkt. No. 5.) Mr. Jones filed a response on September 21, 2022. (Resp., Dkt. No. 9.)

On October 5, 2022, this Court entered an order that, among other things, explained that because this case challenged Mr. Jones's present physical confinement, the proper respondent was the warden of the facility where Mr. Jones was being held. (*See* Order 2–3, Dkt. No. 15 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).) The Court therefore gave Mr. Jones a chance to amend the Petition to name a proper respondent. (*See id.* at 4.) The Court also noted, however, that the Petition "arguably should be construed as a petition subject to 28 U.S.C. § 2254, not just § 2241, given that . . . [Jones] is challenging a state-court judgment." (*Id.* at 3 n.3.) The Court stated that it "need not address that point at present (but of course reserves the right to do so if needed)." (*Id.*)

On October 14, 2022, the Court received a filing from Mr. Jones stating that he was "[a]mending the [c]omplaint." (Am. Pet. 1, Dkt. No. 18.) The new filing named four respondents: John Choi, Drew Evans, Deanna N. Natoli, and Bryan Schowalter. (*See id.*) Mr. Jones appears to assert that Schowalter is the DCJ's warden; he names Choi, Evans,

4

and Natoli because he thinks that they have information relevant to this action. (*See id.* at 1–2.) The Court will treat the Amended Petition as the operative petition.[4]

Mr. Jones prepared the Amended Petition on a new template form for § 2241 petitions,[5] but its arguments are broadly similar to those in the original Petition. (*Compare* Pet. 6–7 *with* Am. Pet. 7–9.) Specifically, the Amended Petition asserts that (1) prosecutors in No. 62-J5-05-554217 violated a "statute of limitations" that limited the time they had to charge Mr. Jones with a "[s]ex [c]rim[e]"; (2) a "[p]lea transcript," presumably from No. 62-J5-05-554217, shows that Mr. Jones is "[i]llegally" being forced to register as a "[s]ex offender"; (3) the crime to which Mr. Jones eventually pleaded guilty, again presumably in No. 62-J5-05-554217, was not a "[r]egisterable offense"; and (4) various "[m]itigating factors" marred the proceedings in No. 62-J5-05-554217 (including, e.g., that certain "[p]lea [t]ranscripts" are missing). (*Id.* at 7–9.) For relief, the Amended Petition asks for (1) "[r]elief from illegal [r]egistration Stemming from 5th degree [g]ross [m]is [*sic*]," and (2) "the resubmittance of 62-CV-16-6425 [p]ersonal injury ccl [*sic*]." (*Id.* at 9.)

On November 28, 2022, the Court received a filing from Mr. Jones titled "Memo of Law." (*See* Dkt. No. 19.) As the Court understands this filing—undated, but which Mr. Jones presumably wrote several days before November 28, then mailed—Mr. Jones wants

---

[4] *Cf.* Rules Governing § 2254 Cases in U.S. District Courts Rule 1(b) (making Rules applicable to, e.g., § 2241 petitions); *id.* at Rule 12 (making Federal Rules of Civil Procedure generally applicable to habeas proceedings); Fed. R. Civ. P. 15(a)(1) (permitting amendment "once as a matter of course" in certain situations).

[5] Mr. Jones also filed a pair of documents—styled as a summary-judgment motion and a supporting exhibit—that appear to be documents in support of the Amended Petition. (*See* Dkt. Nos. 16–17.)

to "rename" Ellison in this action—presumably as a respondent—and "u[n]name the Named"—which the Court construes as meaning the current respondents. (*Id.* at 1.) Mr. Jones also states that he means to bring this petition as one subject to 28 U.S.C. § 2254. (*See id.*)

In the meantime, however, there were several developments in Case No. 19HA-CR-21-2247 (Mr. Jones's 2021 failure-to-register case). Specifically, Mr. Jones submitted a petition to enter a guilty plea. (*See* Pet. to Enter Plea of Guilty in Felony Case Pursuant to Rule 15 at 5, *State v. Jones*, Case No. 19HA-CR-21-2247 (Minn. Dist. Ct. Nov. 28, 2022).) After accepting the plea, the trial court sentenced Mr. Jones to 416 days' imprisonment and 1 day of "probation." (*See* Order and Warrant of Commitment at 2, *State v. Jones*, Case No. 19HA-CR-21-2247 (Minn. Dist. Ct. Nov. 28, 2022).) For both sentence portions, however, the court stated that Mr. Jones had "[c]redit for time served" or "enough credit" to satisfy the sentence. (*Id.*) As of today's date, then, Mr. Jones is no longer in the DCJ, nor is he on probation.

## II. ANALYSIS

As noted above, the Amended Petition seeks two forms of relief.

### A. "Relief from [I]llegal Registration"

Mr. Jones's first request for relief is that the Court provide Mr. Jones "[r]elief from illegal [r]egistration [s]temming from 5th degree [g]ross [m]is" which is an apparent reference to Mr. Jones's September 2005 delinquency adjudication for fifth-degree criminal sexual conduct.

As best as the Court can tell, Mr. Jones has not previously challenged this delinquency adjudication. To the extent he now seeks to do so, he faces serious challenges—at minimum, challenges to state-court judgments face strict statutes of limitations, and petitioners challenging such judgments must exhaust state-court judicial remedies before pressing federal-court challenges. *See, e.g.*, 28 U.S.C. § 2244(d) (establishing limitations periods for challenges to state-court judgments); 28 U.S.C. § 2254(b) (establishing exhaustion requirement for challenges to state-court judgments); (*cf.* Am. Pet. 8–10 (suggesting that one or more grounds of Mr. Jones's challenge have not been exhausted in state court)). Furthermore, to the extent that Mr. Jones seeks habeas-style relief—which, again, is usually a release from some form of custody—a challenge to his 2005 delinquency adjudication may well be moot now that Mr. Jones is no longer in custody.

At this point, though, these are questions for another time. Right now, Mr. Jones has submitted an original petition on a template for § 2241 petitions *not* subject to § 2254, sent in an amended petition on a similar form, and then suggested by letter that in fact he means to press a habeas challenge subject to 28 U.S.C. § 2254. Submitting such a challenge is a serious matter, particularly because once one challenges a state-court judgment in federal court, further attempts run into limits on so-called "second or successive" habeas applications. *See* 28 U.S.C. § 2244(b). So if Mr. Jones wants to challenge his 2005 delinquency adjudication in a petition subject to § 2254, the Court, given the seriousness of the decision Mr. Jones is making, will require him to make his intent crystal clear by stating his claims on a form specifically designed for that purpose.

The Court will therefore order the Clerk of Court to send Mr. Jones a copy of this District's template form for use in petitioners' challenges under 28 U.S.C. § 2254. If Mr. Jones seeks to challenge his 2005 delinquency adjudication, he must fill out that template (or draft a document in substantially the same form) and submit the result to this Court within 30 days of this Order. If he does not do so, the Court will recommend denying the Amended Petition—to the extent it seeks "[r]elief from illegal [r]egistration"—for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### B.   "Resubmittance" of No. 62-CV-16-6425

The second form of relief that Mr. Jones seeks is "resubmittance" of No. 62-CV-16-6425, his earlier civil case against Evans. (Am. Pet. 9.) The Court construes this as a request for the Court to force the Minnesota courts to reopen that lawsuit or to somehow reverse those courts' handling of that action.

The Court recommends denying this request. The standard form of relief sought in a habeas action is a petitioner's release from custody. Cf. 28 U.S.C. § 2241(c)(3) (stating, as relevant here, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). Mr. Jones's "resubmittance" request seeks something quite different: federal-court intervention in a long-closed state-court civil action. Mr. Jones cites no authority permitting such relief in a habeas action, nor is the Court aware of any.

The Court recommends denying that portion of Mr. Jones's Petition seeking "resubmittance."

8

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Petitioner Chester V. Jones's amended petition (Dkt. No. 18) be **DENIED** with respect to its request for the "resubmittance" of *Jones v. Evans*, No. 62-CV-16-6425 (Minn. Dist. Ct.).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court shall send Petitioner Chester V. Jones a copy of this District's template Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (AO 241).

2. If Mr. Jones seeks to challenge his 2005 delinquency adjudication (as discussed in this Order), he must submit an amended petition describing that challenge on the provided template (or in a document with substantially the same form) within 30 days. If Mr. Jones does not submit this amended petition, the Court will recommend dismissing the remainder of this action without prejudice for failure to prosecute.

Dated: December 8, 2022          *s/ John F. Docherty*
                                                              JOHN F. DOCHERTY
                                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days

after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).